SA–LEMEANAI FAMILY by W. Meredith and LEASIOLAGI
of Asu for FAO Family, Plaintiffs

v.

TOMASI & TUIEI OF Iliili, Defendants

No. 22-1951

High Court of American Samoa

Civil Jurisdiction, Trial Division

[Land: "Leuluasi" in Iliili]

January 29, 1952

ARTHUR A. MORROW, *Chief Justice;* APE and MALE-PEAI, *District Judges.*

DECISION

Heard at Fagatogo, December 18 and December 19, 1951. Toomata for Sa-Lemeanai Family; Leasio for Fao Family; Falefia for Tomasi and Tulei.

MORROW, *Chief Justice.*

On May 10, 1951 Tomasi acting in behalf of himself and Tulei, his wife, filed an application with the Registrar of Titles to have the land designated LEULUASI in the survey accompanying the application registered as their individually owned property. On June 21, 1951 the Salemeanai family acting through Willie Meredith filed an objection to the proposed registration claiming that the land was the communal family land of the Salemeanai family. On July 2, 1951 Leasiolagi of Asu, a member of the Fao family of Iliili and acting in its behalf, also filed an objection to the proposed registration claiming that the land was the communal family land of the Fao family. Hence this litigation. See section 905 of the American Samoa Code.

36

Prior to the hearing the judges of the Court, with the exception of Judge Malepeai who was unable to be present, viewed the land in the presence of the parties concerned to the end that the court might have a better understanding of the evidence when it should be presented at the hearing.

It appears from the evidence that Tomasi, the proponent, was born in Western Samoa 37 years ago. In 1932 when he was about 18 years of age he came to American Samoa. At first he lived in the Sagapolu family in Iliili. After living for six months with that family he went to live in the family of Fale who was married to a Salemeanai man. He continued to live with Fale until her death some years later. He then lived a short time with the Muli family. Next he lived with Malama, a member of the Salemeanai family. There is some dispute in the testimony as to the truth of this last statement, but we believe that the weight of the evidence is to that effect. According to Tomasi's testimony he entered upon the tract in dispute in 1936 without the consent or authorization of anyone and began to cut down the large trees upon it, it being bush, as he said at that time. He says that this was while he was living in Fale's family. Malama testified that he entered upon the land in 1936 under her authorization and with her consent, which consent was later confirmed by Vao, the matai of the Salemeanai family in charge of its affairs at the time. She also testified that the entry was made while Tomasi was living in her family. We believe the weight of the testimony favors the view that the entry occurred in 1936 under the authorization of and with the consent of Malama while Tomasi was living in her family; that Vao later gave his approval through Malama.

Vao himself testified that he (Vao) went upon the disputed tract more than 20 years ago while it was bush and cut away many of the large trees growing upon it; that Tomasi did not clear it from bush; that it was he who

cleared it. Malama's testimony was to the same effect. District Judge Noa who has land adjoining the disputed tract testified that Vao cleared the land from bush. Aumavae, a matai of Iliili but residing in Leone and a member of the Salemeanai family, also testified that to his knowledge Vao cut down the big trees growing on the land originally. Malama testified that the first plantations on the land were put in by Vao; that he put in bananas, coconuts and breadfruit. When the judges viewed the land they saw a number of breadfruit trees growing on it which were obviously planted before 1936, when Tomasi entered.

We believe from the evidence that Vao entered upon the land, cleared it from the bush, and put in some plantations all before Tomasi's entry; that Vao claimed ownership of the land on behalf of the Salemeanai family, being a matai of that family. Samoan families did not originally acquire ownership of their land by purchase from the Government, but through first occupancy coupled with a claim of ownership. *Maluia et al. v. Isumu,* No. 12-1950 (H.C.Am.S). On this method of acquisition of title to land, see II Blackstone 8 and Maine's Ancient Law (3rd Am.ed.) 238.

We believe from the evidence that Vao, the matai in charge of the affairs of the Salemeanai family, assigned a piece of land adjoining the piece in dispute to Iosia a paster [sic] in Iliili for the pastor's use during his pastorate and that Iosia used such land from 1940 to 1947. Sagia, a son-in-law of Vao, occupies land of the Salemeanai family adjoining the Fagogogo side of the tract in dispute. We also believe from the evidence that members of the Salemeanai family are occupying land joining the disputed tract on the sea-side.

The evidence establishes quite clearly that Tomasi began to put in plantations on the land in 1936; that in 1938 he married Tulei, a Fao family woman, and that from 1938 to date Tomasi and Tulei have continued to occupy and use

the land, having plantations upon most of it. It seems that since Tomasi married Tulei in 1938 they have rendered service to the Fao title and not to the Salemeanai title. The possession of the land by Tomasi coupled with the possession by Tomasi and Tulei aggregates only 15 years. That is not a sufficient length of time to acquire title to land by adverse possession. Section 907 of the Code prescribes 20 years as the period for the acquisition of title to land by adverse possession.

Leasio was the chief witness for the Vao family. He admitted he did not know who cleared the land from the bush. He did not claim that the Fao family acquired title from any other family, or from Tomasi, or Tomasi and Tulei. It appears from his testimony that he did not know whose land it was, but he nevertheless claimed it belonged to the Fao title. He testified that the land was bush in 1919, and he knew nothing more concerning it from 1919 to 1944 when he quit working for the Government. We regard the evidence for the Fao family as unsatisfactory and not warranting a conclusion that the land belongs to that family.

Taking the evidence as a whole we are convinced that the weight of the testimony is distinctly in favor of the view that the disputed tract is the property of the Salemeanai family; that its matai Vao entered upon the land more than 20 years ago, cleared it from the bush, put in plantations and claimed it as the property of the Salemeanai family. The land thereby became theirs. *Maluia et al. v. Isumu*, supra; *Soliai v. Lagafua*, No. 5-1949 (H.C.Am.S.). We think that Tomasi's occupation followed by Tomasi's and Tulei's occupation has been by authorization of the Salemeanai family acting through Malama and Vao, its matai, and that the family put up no serious objection to such continued occupation until Tomasi had the land surveyed intending to offer it for registration as the individually owned property of himself and his wife Tulei.

Inasmuch as we find that Tomasi entered upon the land in accordance with Samoan customs under the authorization of and with the consent of Malama, later confirmed by Vao the matai of the Salemeanai family, we think it would be unjust, even though we do find that the disputed tract is Salemeanai family land, to order Tomasi and Tulei to surrender possession now, leaving their plantations, the product of their hard labor, behind for the use of the Salemeanai people. We think that they have a charge against the property under the circumstances. At the close of the arguments, Willie Meredith, who filed the objection in this case in behalf of the Salemeanai family, stated to the Court, "If the Court will decide in our favor (meaning in favor of the Salemeanai family) it is for them (meaning Tomasi and Tulei) to use the fruits of the land until such time (as) the Court may decide." When asked by the Court as to whether he was speaking in behalf of the Salemeanai family in making such statement, his answer was "Yes."

It is the opinion of the Court after viewing the land and the plantations thereon and hearing the testimony in the case, that Tomasi and Tulei, in order that they may have advantage of their charge against the property, should be permitted to possess, occupy and use that part of the surveyed tract on which they presently have their plantations for a period of six years from January 15, 1952, i.e. until January 15, 1958, and that on said last-mentioned date they should surrender possession of such land together with the then existing plantations on it in an unharmed condition to the Salemeanai family. The land could not be sold to satisfy the charge. See Sec. 1205, A. S. Code.

Accordingly, it is ORDERED, ADJUDGED and DECREED that the land LEULUASI as shown on the survey filed with the application to register the same shall be registered as the communal family land of the Salemeanai family of Iliili; that Tomasi and Tulei shall have the right to

continue to possess, occupy and use that part thereof on which they now have plantations until January 15, 1958, at which time they shall surrender possession of such part together with the then plantations upon it in an unharmed condition to the Salemeanai family.

Tomasi paid for the survey. Under our decree it will inure to the benefit of the Salemeanai family. In view of these circumstances we consider that it is equitable and just that the Salemeanai family should pay the costs.

Accordingly, costs in the sum of $50 are hereby assessed against the Salemeanai family of Iliili, the same to be paid within 30 days.